FILED 237
Dr. Richard J. Judd Acting Director Missouri Department of Revenue Jefferson Office Building Jefferson City, Missouri 65101
Dear Dr. Judd:
This is in response to your request for an opinion on the following questions:
 "A. Is the Director of Revenue obligated under Section 3 of the County Sales Tax Act to begin collecting a one percent St. Louis County Sales Tax when the ordinance imposing the one percent countywide sales tax and calling for a special election to be held on October 4, 1977 was adopted and approved by the governing body of St. Louis County prior to the effective date of the County Sales Tax Act, September 28, 1977?
 "B. Is the Director of Revenue obligated under Section 3 of the County Sales Tax Act to begin collecting a one percent St. Louis County Sales Tax when the ordinance imposing the sales tax provides that the tax shall be effective only upon the approval of a majority of the qualified electors of the county in an election called for that purpose, and the only certification to the Director of Revenue is that a majority of votes cast on the proposal by the qualified voters voting thereon are in favor of the proposal?"
By House Committee Substitute for Senate Substitute for Senate Bill No. 234, (hereinafter referred to as S.B. No. 234) which became effective September 28, 1977, the 79th General Assembly passed an act allowing certain counties to impose a countywide sales tax for the benefit of both the incorporated and the unincorporated areas of the county. The Act provides, in pertinent part, that:
 "SECTION 1. 1. The governing body of any county of the first class having a charter form of government and not containing a city with a population of four hundred thousand or more may by adopting an ordinance, impose a countywide sales tax for the benefit of both the incorporated and the unincorporated areas of the county; provided, however, that no ordinance enacted pursuant to the authority granted by the provisions of this act shall be at variance with the provisions as set forth in this act, and no ordinance shall be effective unless the governing body of the county submits to the voters of the county, at a countywide general or primary election or at a special election called for that purpose, a proposal to authorize the governing body of the county to impose a tax under the provisions of this act. . . . If a majority of the votes cast on the proposal by the qualified voters voting thereon are in favor of the proposal, then the ordinance shall be in effect. . . .
* * *
 "3. Within ten days after the adoption of the ordinance, the county clerk shall forward to the director of revenue by United States registered mail or certified mail a certified copy of the ordinance of the governing body. The ordinance shall reflect the effective date thereof and shall be accompanied by a map of the county clearly showing the boundaries thereof.
* * *
 "4. The tax shall become effective on the first day of the second calendar quarter after the director of revenue receives notice of adoption of the tax, or on February 1, 1978, if notice is received by the director of revenue prior to December 31, 1977.
* * *
 "SECTION 3. After the effective date of any tax imposed under the provisions of this act, the director of revenue shall perform all functions incident to the administration, collection, enforcement, and operation of the tax, and the director of revenue shall collect in addition to the sales tax for the state of Missouri the additional tax authorized under the authority of this act. . . ."
Ordinance No. 8378, approved by the governing body of the county on September 8, 1977, and signed by the County Supervisor on September 13, 1977, provides as follows:
 "SECTION 1. That a one percent Countywide sales tax is hereby imposed in accordance with the provisions of the House Committee Substitute for the Senate Substitute for Senate Bill Number 234 as passed by the First Regular Session of the 79th General Assembly.
 SECTION 2. That Section 1 of this ordinance shall be effective only upon the approval of a majority of the qualified electors of St. Louis County in an election called for said purpose.
 SECTION 3. That a special election shall be and the same is hereby called and ordered to be held in St. Louis County, Missouri, on the 4th day of October, 1977, for the purpose of submitting to the qualified electors of said County, the issue of whether a one percent Countywide sales tax shall be imposed."
The special election called for in the Ordinance was held on October 4, 1977. At this election, a majority of the voters casting ballots were in favor of the countywide sales tax. On October 14, 1977, the Administrative Director of St. Louis County forwarded to the director of revenue a copy of Ordinance No. 8378 in addition to a map of St. Louis County and a certified copy of the election results as evidence of the adoption of the ordinance.
The act of adoption required by S.B. 234 is a process composed of two steps which must be completed before a countywide sales tax can be validly imposed. The first step is approval by the governing body of the county of an ordinance describing the tax which, when adopted by the people, imposes the tax. The second step is an election in which the people vote to authorize and effectuate the imposition of the tax.
Careful analysis of S.B. 234 reveals that the legislature views the adoption of an ordinance imposing the tax by the governing body as a preliminary act, incomplete and ineffective until authorized and adopted by the voters. Subsection 3 of Section 1 of S.B. 234 states:
 "Within ten days after the adoption of the ordinance, the county clerk shall forward to the director of revenue . . . a certified copy . . . of the ordinance . . . [which] . . . shall reflect the effective date thereof. . . ."
Since there can be no "effective date" without voter approval it is clear that the word "adoption" refers to the completion of the process by the voters. To read subsection 3 as requiring notice to the director after ordinance approval by the governing body of the county would be absurd. Since no other notice to the director is authorized, such notice before the election would force the director to institute procedures for the collection of the tax, even in cases where the voters might subsequently reject the proposal. It is clear that S.B. 234 refers to adoption as the completed adoption process including voter approval.
Since Section 1 mandates voter adoption to effectuate the ordinance and subsection 3 of Section 1 clearly suggests that the ordinance has not been adopted until the vote of the people has been cast, S.B. 234 is consistent only when the step taken by the governing body of the county is viewed as preliminary, gaining substance and effect only when authorized and approved by the voters.
A similar situation arose in the case of Vrooman v. City ofSt. Louis, 337 Mo. 933, 88 S.W.2d 189 (En Banc 1935). In Vrooman,
a taxpayer of the City of St. Louis challenged the issuance of bonds by the city pursuant to an act of the General Assembly authorizing the issuance of such bonds. The act provided that bonds could only be issued if issuance had been approved by a two-thirds majority of the voters of the city at a special or general election. The act further provided that such election was to be called by the Board of Aldermen of the city after being petitioned to do so by a thousand taxpayers of the city. An emergency clause in the act provided for its immediate effectiveness upon signature by the Governor. See C.S.H.B. 445, Laws of Missouri 1935, page 193.
In accordance with the emergency clause of the act, the Board of Aldermen of St. Louis called for an election to determine if the voters wanted a bond issue. The taxpayer claimed that the activities of the Board of Aldermen in accepting the one thousand petitions and in calling the special election were of no effect because the emergency clause in the act was invalid. Therefore, the taxpayer contended that no actions could be taken under the terms of the statute until it would have become effective in the normal course of events. In disposing of this contention, the Missouri Supreme Court ruled:
 "Appellant insists that even if the Enabling Act is valid, the emergency clause was not, and consequently all proceedings prior to August 27, 1935 (the date the Enabling Act would be effective without a valid emergency clause), were invalid. We do not think it necessary to determine the validity of the emergency clause. The bond election was not held until September 10, 1935, after the Enabling Act was effective without any emergency clause. Therefore, no substantive right of any one was invaded by the performance of the pre-election preliminaries prior to August 27." Vrooman v. City of St. Louis, supra, 88 S.W.2d at 196-197.
It is clear from this language, that the Missouri Supreme Court refused to invalidate actions undertaken by a local government in anticipation of forthcoming rights when such activities were preliminary in nature and did not violate the substantive rights of the persons affected.
In reviewing Ordinance No. 8378, it is apparent that the governing body of St. Louis County acted in anticipation of the effective date of S.B. No. 234. However, the activities of the governing body did not affect the substantive rights of taxpayers within the county. As of the date of the special election, October 4, 1977, S.B. No. 234 was in effect.
After the tax had been adopted by a majority vote of the persons voting in the special election, the results were certified to the director of revenue in accordance with subsection 3 of Section 1 of S.B. No. 234. Under these circumstances, it is our opinion that you have been presented with sufficient notice of the adoption of a valid taxing ordinance in St. Louis County to cause you to perform your duties under the provisions of Section 3 of S.B. No. 234.
With respect to Part B of your request for an opinion, we note that the ordinance in question does indicate that the tax is to be effective only upon the approval of a majority of the qualified electors of the county. However, it is also clear from reading that ordinance that it was imposed by the governing body of St. Louis County in accordance with and in response to the provisions of S.B. No. 234. We note that subsection 1 of Section 1 of S.B. No. 234 only requires a favorable vote by a majority of the qualified voters voting on the question of whether or not a countywide sales tax should be approved. From the results certified to you by the county, it is clear that the statutory prerequisites have been met. That is, a majority of the voters voting upon the question indicated approval for the tax. That being so, any language in the ordinance to the contrary is surplusage and should be ignored.
CONCLUSION
It is the opinion of this office that the October 14, 1977 notice to you of the adoption of a countywide sales tax by St. Louis County under S.B. 234 is sufficient to cause you to perform your duties under the provisions of S.B. 234.
Very truly yours,
 JOHN ASHCROFT Attorney General